UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES (IRS), et al.,<br><br>  Defendants. | 1:07-cv-1856-OWW-SMS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOCS. 2, 4)<br><br>ORDER DIRECTING THE CLERK, PLAINTIFF, AND THE MARSHAL TO TAKE SPECIFIED STEPS TO EFFECTUATE SERVICE |

Plaintiff is a state prisoner who is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Application to Proceed in Forma Pauperis

On December 20, 2007, Plaintiff filed a complaint and a motion to proceed in forma pauperis which was incomplete.

On December 28, 2007, Plaintiff filed another application to proceed in forma pauperis Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C.

1

1 § 1915(a).

2    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to
3 pay the statutory filing fee of $350.00 for this action.[1] No
4 initial partial filing will be assessed by this order. 28 U.S.C.
5 § 1915(b)(1). By separate order, the Court will direct the
6 appropriate agency to collect monthly payments of twenty percent
7 of the preceding month's income credited to Plaintiff's prison
8 trust account. These payments will be forwarded by the
9 appropriate agency to the Clerk of the Court each time the amount
10 in Plaintiff's account exceeds $10.00, until the filing fee is
11 paid in full. 28 U.S.C. § 1915(b)(2).

12    II. Screening the Complaint and Directing Service

13      A. Legal Standards

14    The Court must screen complaints brought by prisoners
15 seeking relief against a governmental entity or officer. 28
16 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion
17 thereof if the Court determines that an allegation of poverty is
18 untrue or that the action is 1) frivolous or malicious, 2) fails
19 to state a claim upon which relief may be granted, or 3) seeks
20 monetary relief from a defendant who is immune from such relief.
21 28 U.S.C. §§ 1915A(b), 1915(e)(2).

22    In reviewing a complaint under this standard, the Court
23 must accept as true the allegations of the complaint in question,
24 Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
25 (1976), construe the pro se pleadings liberally in the light most

---

27 [1] The filing fee for civil actions is $350.00. 28 U.S.C. §
28 1914, as amended effective April 8, 2006. Pub. L. 109-171, 120 Stat. 4, February 8, 2006.

2

favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good

3

faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

### B. The Complaint

Plaintiff sues the United States Department of Internal Revenue Service for tax refunds from the years 2003 through 2006.

Reading the complaint fairly and liberally, and indulging all inferences in favor of Plaintiff, Plaintiff alleges that he filed for a tax refund for 2003, the IRS said the refund had been put into the bank account of another without Plaintiff's consent, and the IRS has failed to identify the account holder who received the refund. (Cmplt. p. 1.)

With respect to 2004, Plaintiff alleges that he filed for a refund, the IRS denied the refund based either on the status of Plaintiff's employment and/or the record upon which the IRS calculated Plaintiff's entitlement to a refund. (Id. pp. 2-3.)

With respect to 2005, Plaintiff alleges that he wrote the IRS in 2007 and asked for more of a refund than he received, but

4

his request was denied. (Id. p. 3.)

With respect to 2006, Plaintiff claims that the IRS disallowed it because it claimed that Plaintiff misrepresented his income in that year.

It is established that a federal district court may exercise jurisdiction over a claim for the recovery of erroneously collected tax pursuant to 28 U.S.C. § 1346 only if three prerequisites are met. Plaintiff must have 1) paid the tax in full before filing suit, Flora v. United States, 362 U.S. 145, 177 (1957); 2) filed an administrative claim for refund with the IRS, 28 U.S.C. § 7422(a), Bear Valley Mutual Water Co. v. Riddell, 493 F.2d 948, 951 (9th Cir. 1974); and 3) waited six months or until the IRS denies their claim, whichever is earlier, before filing a refund action in a district court, 26 U.S.C. § 6532(a)(1).

Here, it may fairly be inferred that Plaintiff paid the taxes in question, filed administrative claims for refund with the IRS, and waited until the IRS denied his claims before filing suit. Accordingly, Plaintiff states a claim against the Defendant United States Department of Internal Revenue Service, and service should be ordered.

III. Disposition

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis IS GRANTED, and

2. Service is appropriate for the following defendants:

Defendant United States Department of Internal Revenue Service;

5

3. The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the complaint filed December 20, 2007.

4. Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a. Completed summons;
   b. One completed USM-285 form for each defendant listed above; and
   c. Two copies of the endorsed complaint filed December 20, 2007.

5. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Clerk SHALL FORWARD the appropriate documents to the United States Marshal.

6. Upon receipt of the above-described documents, the Marshal SHALL SERVE the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. <u>The Plaintiff's failure to comply with this Order will result in a Recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

**Dated:   January 10, 2008**                    /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE