|     |     |
| --- | --- |
| 1   | UNITED STATES DISTRICT COURT |
| 2   | EASTERN DISTRICT OF CALIFORNIA |

|     |     |     |
| --- | --- | --- |
| 6   |     | 1:07-CV-1856 OWW SMS |
| 7   | ALFRED EUGENE SHALLOWHORN, |     |
| 8   | Plaintiff, |     |
| 9   | vs. |     |
| 10  | UNITED STATES OF AMERCA, |     |
| 11  | Defendant |     |
| 12  |     | ORDER DIRECTING PARTIES |
| 13  |     | TO FILE SCHEDULING REPORT |
| 16  |     | REPORT TO BE FILED BY JULY 14, 2008 |

No schedule dates are currently in place in this matter, therefore, it is ordered that the parties prepare and submit a joint scheduling report so the Court may issue a scheduling order for this case. Said report shall be prepared as set forth in Exhibit "A" attached hereto and filed with the Clerk of the Court **no later than July 14, 2008.**

Among other things, the parties will be expected to discuss the possibility of settlement. Parties are to thoroughly discuss settlement with each other before undertaking the preparation of the Joint Scheduling Report and engaging in extensive discovery.  However, even if settlement negotiations are progressing, counsel are expected to comply with the requirements of this Order unless otherwise excused by the Court.  If the case is settled, please promptly inform the Court, and counsel's presence, as well as the joint Scheduling Report, will not be required.

1    Parties are encouraged to consent to the jurisdiction of the U. S. Magistrate Judge, and
2 should address their positions regarding consent in the report.  Should all parties reach an agreement
3 to such consent prior to the conference, please contact the court and the matter will be reassigned
4 to the assigned magistrate judge.

                 **/s/ OLIVER W. WANGER**

                 **United States District Judge**

**EXHIBIT "A"**

At least twenty (20) days before the report due date, the actual trial counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for the defendant. A telephonic conference call involving all counsel is permissible. The Joint Scheduling Conference Statement shall respond to the following items by corresponding number paragraphs:

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report. If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.

3. A summary detailing the uncontested and contested facts.

4. A summary of the legal issues as to which there is no dispute, i.e., jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

5. The position of the parties with respect to consenting to jurisdiction of the U.S. Magistrate Judge for all purposes, including trial.

6. The status of all matters which are presently set before the Court, i.e., hearing all motions, etc.

7. A complete and detailed discovery plan, including a firm cut-off date for discovery, as outlined in Fed.R.Civ.P. 26(f)(2) and a proposed date for disclosure of expert witnesses.

8. Dates agreed to by all counsel for:

   (a) Filing pre-trial motions, with the understanding that motions will not be entertained after the agreed date. (No later than 45 days prior to the proposed Pre-Trial Conference data.)
   (b) Settlement Conference date.
   (c) Pre-Trial Conference date.
   (d) Trial date.

   All of these dates should be considered firm dates. Dates should be set to allow the Court to decide any matters under submission before the Pre-Trial Conference is set.

9. At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement. Counsel shall indicate whether they feel a settlement conference is desired, and when it should occur, i.e., before further discover, after discovery, after pre-trial motions, etc.

10. A statement as to whether the case is a jury or non-jury case.

11. An estimate of the number of trial days required. When counsel cannot agree, each party shall give his or her estimate.

12. Whether either party requests bifurcation of trial or has any other suggestion for shortening trial.

1 | It should be noted that all federal tort Claims cases are bifurcated as a matter of course.

2 |     13.    Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

    Should counsel fail to file said report or fail to comply with the directions set out above, an <u>ex parte</u> hearing may be held and judgment of dismissal or default or other appropriate judgment may be entered, or sanctions, including contempt of court, may be imposed or ordered.