UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN, | 1:07-cv-1856-OWW-SMS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL, INVESTIGATOR, AND DISCOVERY (DOC. 11) |
| v. | |
| UNITED STATES (IRS), et al., | ORDER DENYING PLAINTIFF'S REQUEST TO AMEND HIS COMPLAINT (DOC. 11) WITHOUT PREJUDICE TO A FURTHER APPLICATION |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil action concerning disputed entitlement to tax refunds in 2003 through 2006. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Pending before the Court is a motion for appointment of counsel and an investigator, discovery, and for leave to amend the complaint to add a claim concerning Plaintiff's taxes in 2007. The motion was filed on July 7, 2008. Defendant filed opposition to the motion on July 22, 2008.

I. Motion for Appointment of Counsel

In his motion, Plaintiff seeks counsel for help with the

1

discovery process and to achieve a full adjudication of claims because he is indigent and incarcerated.

The Court may request an attorney voluntarily to represent a person proceeding in forma pauperis who is unable to afford counsel. 28 U.S.C. § 1915(d). Appointment of counsel by the Court in such circumstances is discretionary, not mandatory. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995). Appointment may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, regardless of Plaintiff's status as an indigent prisoner, this Court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In light of the early stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Terrell, 935 F.2d at 1017. Further, despite Plaintiff's assertions to the contrary, Plaintiff's claim is not particularly complex, and only one party defendant is involved. Plaintiff appears to be capable of articulating his claims pro se.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

Accordingly, Plaintiff's motion for the appointment of counsel, filed July 7, 2008, IS DENIED.

II. Motion for an Investigator

Plaintiff asks for the appointment of an investigator in connection with his request for counsel.

Plaintiff does not cite any authority for the appointment of an investigator, and the Court is unaware of any such authority. Title 28 U.S.C. § 1915(a)(1) provides that any court of the United States may authorize the commencement, prosecution of defense of any civil or criminal suit, action, proceeding, or any appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees or give security therefor. Id.; Floyd v. United States Postal Service, 105 F.3d 274, 275-77 (6th Cir. 1997), modified on other grounds in Callihan v. Schneider, 178 F.3d 800, 801 (6th Cir. 1999).

However, the fees covered by the statute do not include every fee or cost associated with maintenance or defense of an action; rather, it has been held that the statute contemplates only postponement of payment of the fees or costs imposed by the court or its officers, such as the clerk or marshal; it does not authorize affirmative expenditures by the court. Barcelo v.

3

Brown, 655 F.2d 458, 462 (1st Cir. 1981) (noting that in the absence of an appeal, 28 U.S.C. § 1915(a) did not authorize a district court to order payment of daily trial transcripts); Papas v. Hanlon, 849 F.2d 702, 703-04 (1st Cir. 1988) (upholding an order requiring litigants proceeding in forma pauperis to pay stenographers' fees where the deponents failed to appear, recognizing the discretionary nature of the statute, and noting various authorities permitting the taxing of costs against parties proceeding in forma pauperis who had proceeded maliciously or in bad faith); Evans v. Tennessee Dept. of Corrections, 514 F.2d 283, 284 (6th Cir. 1975) (holding that there was no basis for the clerk or marshal to recover the filing fee or costs of service from an unsuccessful plaintiff who had been permitted to proceed in forma pauperis).

A party proceeding in forma pauperis is generally initially responsible for payment of discovery costs, including the costs of depositions, such as fees of court reporters for reporting and transcripts. Wright v. United States, 948 F.Supp. 61, 61-62 (M.D. Fla. 1996) (collecting cases).

Accordingly, Plaintiff's request for appointment of an investigator IS DENIED.

III. Discovery

Plaintiff describes the information or matters he seeks to acquire by way of discovery.

Plaintiff's efforts to obtain discovery are misdirected to the Court; instead, Plaintiff should proceed to engage in discovery exchange with the opposing party pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules

4

1 of the Eastern District of California.

2    Plaintiff IS INFORMED that after an answer is filed, the
3 Court will issue an order opening discovery, and setting the
4 deadlines for completing discovery, amending the pleadings, and
5 filing pre-trial dispositive motions. No discovery may be
6 conducted without the Court's permission until an answer is filed
7 and the Court issues the discovery order. Discovery propounded on
8 a party is self-executing, and must be served directly on the
9 party from whom discovery is sought; parties should not file
10 copies of their discovery with the court. Local Rules 33-250,
11 34-250, 36-250. Discovery documents inappropriately submitted to
12 the Court will be stricken. Where the response to discovery is
13 unsatisfactory, the party seeking discovery may file a motion to
14 compel discovery, including a copy of the discovery propounded
15 and the response thereto. Fed. R. Civ. P. 37. A motion to compel
16 must be accompanied by "a certification that the movant has in
17 good faith conferred or attempted to confer with the party not
18 making the disclosure in an effort to secure the disclosure
19 without court action." Fed. R. Civ. P. 37(a)(2)(A). A discovery
20 motion that does not comply with all applicable rules will be
21 stricken and may result in imposition of sanctions.

22    Because Plaintiff has not made a motion in conformity with
23 the pertinent statutes and Rules of Court, Plaintiff's motion for
24 discovery IS DENIED.

25    IV. <u>Motion concerning Amendment of the Pleadings</u>
26    Plaintiff states in his motion that he seeks to amend his
27 complaint to add a claim or claims concerning his tax returns in
28 2007. However, Plaintiff has not set forth his amendment in a

5

separate and independent pleading.

An amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

Plaintiff's motion for leave to file an amended or supplemental pleading IS DENIED without prejudice to Plaintiff's serving and filing a motion for leave to file an amended or supplemental pleading that complies with the applicable rules and includes a proposed first amended complaint.

IT IS SO ORDERED.

**Dated:   July 22, 2008**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE