IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES (INTERNAL REVENUE SERVICE),<br><br>　　　　　　Defendant. | 1:07-01856-OWW-SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Initial Disclosures: 7/7/08<br><br>Discovery Deadline: 1/19/09<br><br>Non-Dispositive Motion Filing Deadline: 4/13/09<br><br>Dispositive Motion Filing Deadline: 4/27/09<br><br>Settlement Conference Date: *not applicable at this time*<br><br>Pre-Trial Conference Date: 6/1/09, 11:00am, Ctrm. 2/**OWW**<br><br>Trial Date: 7/14/09, 9:00am, Ctrm. 2/**OWW** (1 day) |

　　　1.　Date of Scheduling Conference:

　　　　　None.  Document No. 10 states, in part, that, "No schedule dates are currently in place in this matter, therefore, it is ordered that the parties prepare and submit a joint scheduling report so the Court may issue a scheduling order for this case."

//

2.   Counsel:

Plaintiff, Alfred Eugene Shallowhorn, in propria persona.

Lauren M. Castaldi, Trial Attorney, Tax Division, United States Department of Justice, for defendant.

3.   The Pleadings:

A.   Summary of the Pleadings.

Plaintiff claims and alleges that he is entitled to a tax refund for the years 2003, 2004, 2005, and 2006.

Defendant claims and contends that plaintiff did receive a tax refund via electronic deposit for tax year 2003; that defendant's records do not show any earnings or withholdings for 2004, 2005, or 2006; and, therefore, plaintiff is not entitled to a refund for those years.

B.   Orders Re: Amendment of Pleadings.

No amendments are proposed at this time.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this case, because a responsive pleading has been served, plaintiff may not file an amended complaint without leave of the court.

Plaintiff is required to file a motion seeking leave to amend which "state[s] with particularity the grounds therefor." Fed. R. Civ. P. 7(b)(1).  Further, the motion must be accompanied by a proposed amended complaint.  An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467,

2

1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

    4.   Factual Summary:

        A.   Admitted Facts which are deemed proven without further proceedings.

           (1)   Plaintiff is currently a prisoner at Kern Valley State Prison.

           (2)   For 2003, the Internal Revenue Service received an electronic Form 1040 for plaintiff.

           (3)   For 2004, 2005, and 2006, the Internal Revenue Service received a Form 1040EZ for plaintiff.

        B.   Contested Facts.

           (1)   Whether plaintiff is entitled to refunds for the tax years 2003, 2004, 2005, and 2006.

           (2)   Whether plaintiff has already received a refund for 2003.

           (3)   Whether plaintiff had an income or withholding for 2004, 2005, or 2006.

           (4)   Whether plaintiff is owed a tax refund.

    5.   Legal Issues:

        A.   Uncontested.

           (1)   Jurisdiction is based on 28 U.S.C. § 1346 and 26 U.S.C. § 7402.

3

        (2)   Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(e) because the events giving rise to plaintiff's claims occurred herein.

    B.   Contested.

        (1)   Whether Plaintiff received a tax refund in 2003.

        (2)   Whether Plaintiff had income or withholding in 2004, 2005, or 2006.

6.   Consent to Magistrate Judge Jurisdiction:

This case will not be assigned for all purposes, including trial, to the Honorable Sandra M. Snyder, United States Magistrate Judge, as the parties do not so consent at this time.

7.   Discovery Plan and Cut-Off Dates:

    A.   Pursuant to F.R.Civ.P.26(b), and except as the court may order after a showing of good cause, the "(p)arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any other party."

    B.   Unless otherwise stipulated between the parties or ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery shall be limited as follows:

        (1)   <u>Depositions</u>:

            a.  Each side may take no more than ten (10) depositions.

            b.  A deposition shall be limited to one (1) day of seven (7) hours.  F.R.Civ.P.30(d).

        (2)   <u>Interrogatories</u>:

            a.  "(A)ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . ."  F.R.Civ.P.33(a).

4

C. Pursuant to F.R.Civ.P.26(e), the parties shall supplement their disclosures and amend their responses to discovery requests in a timely manner.

D. The parties are ordered to complete all discovery on or before January 19, 2009.

8. Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before April 13, 2009, and are heard on Fridays at 9:30 a.m. in Courtroom No. 7 on the Sixth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge. **Counsel MUST comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. Additionally, Local Rule 5-133(f) requires courtesy copies in excess of 25 and/or 50 pages be provided to the court.**[1]

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-144(e). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a written request to so appear is

---

[1] Local Rule 37-251(a) requires a joint statement re: discovery disputes be filed on or before three (3) court days prior to the scheduled hearing date. Defined as three (3) FULL court days prior to the hearing, Judge Snyder **REQUIRES** that the statement be filed no later than MIDNIGHT on the fourth (4th) FULL day (or Monday) prior to the (customary) hearing (on Friday). Any motion(s) will be dropped from the calendar IF the statement is not filed OR timely filed AND courtesy copies of any and all motions, including the 251 stipulation, declarations, and exhibits, properly tabbed, fastened, and identified, exceeding twenty-five (25) pages pursuant to Local Rule 5-133(f), are not delivered directly to chambers by 8:30 a.m. on the third (3rd) FULL day (or Tuesday) prior to the (customary) hearing (on Friday).

5

presented to Magistrate Judge Snyder's Courtroom Deputy Harriet Herman no later than five (5) court days prior to the noticed hearing date.  If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to make prior arrangements for the conference call with an AT&T operator, IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the court.

All Dispositive Pre-Trial Motions shall be filed on or before April 27, 2009, and are heard on Tuesdays at 11:00 a.m. in Courtroom No. 3 on the Seventh Floor before the Honorable Oliver W. Wanger, United States District Judge.  In scheduling such motions, counsel shall comply with **Local Rule 78-230**.

9.   Pre-Trial Conference Date:

June 1, 2009 at 11:00 a.m. in Courtroom No. 3 on the Seventh Floor before the Honorable Oliver W. Wanger, United States District Judge.

Ten (10) days prior to the Pretrial Conference, the parties shall exchange the disclosures required pursuant to F.R.Civ.P. 26(a)(3).

The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule 16-281(a)(2)**.  The parties are further ordered to submit a digital copy of their Joint Pretrial Statement in WordPerfect X3[2] format to Judge Wanger's chambers by e-mail to OWWOrders@caed.uscourts.gov.

//

---

[2] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California as to the obligations of counsel in preparing for the Pre-Trial Conference.  **The Court will insist upon strict compliance with those Rules**.

10. Trial Date:

July 14, 2009 at 9:00 a.m. in Courtroom No. 3 on the Seventh Floor before the Honorable Oliver W. Wanger, United States District Judge.

    A. Plaintiff has requested a jury.

       Defendant does not request a jury trial.

    B. Counsels' Estimate of Trial Time:

       Plaintiff estimates three days.

       Defendant estimates one day.

    C. Counsels' attention is directed to **Rule 16-285 of the Local Rules** of Practice for the Eastern District of California.

11. Settlement Conference:

Should the parties desire a Settlement Conference, they will jointly request one of the Court, and one will be arranged. In making such a request, the parties are directed to notify the Court as to whether or not they desire the undersigned to conduct the Settlement Conference or to arrange for one before another judicial officer.

12. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

    Not applicable at this time.

13. Related Matters Pending:

    There are no pending related matters.

     14.  Compliance with Federal Procedure:

        The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload.  Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

     15.  Compliance with Electronic Filing Requirement:

        On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF).  Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of **January 3, 2005** in all actions pending before the court.  While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic.  Attorneys are required to file electronically in pro se cases.  More information regarding the Court's implementation of CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's Amended Local Rules effective January 3, 2005, the Court's CM/ECF Final Procedures, and the Court's CM/ECF User's Manual.

//

1     While the Clerk's Office will not refuse to file a
2 proffered paper document, the Clerk's Office will scan it and, if
3 improperly filed, notify the Court that the document was filed in
4 an improper format.  An order to show cause (OSC) may be issued in
5 appropriate cases regarding an attorney's disregard for the
6 requirement to utilize electronic filing, or other violations of
7 these electronic filing procedures.  See L.R. 11-110, L.R.
8 5-133(d)(3).

9     If counsel has not already done so, counsel **must** register
10 for CM/ECF as soon as possible.  On-line registration is available
11 at www.caed.uscourts.gov.  Once registered, counsel will receive a
12 login and password in approximately one (1) week.  Counsel must be
13 registered to file documents on-line.  See L.R. 5-135(g).  Counsel
14 are responsible for knowing the rules governing electronic filing
15 in the Eastern District.  Please review the Court's Local Rules
16 effective January 3, 2005, available on the Court's web site.

17    16.  Effect of this Order:

18     The foregoing Order represents the best estimate of the
19 Court and counsel as to the agenda most suitable to bring this case
20 to resolution.  The trial date reserved is specifically reserved
21 for this case.  If the parties determine at any time that the
22 schedule outlined in this Order cannot be met, counsel are ordered
23 to notify the Court *immediately* so that adjustments may be made,
24 either by stipulation or by subsequent status conference.

25     Stipulations extending the deadlines contained herein
26 will not be considered unless they are accompanied by affidavits or
27 declarations and, where appropriate, attached exhibits which
28 establish good cause for granting the relief requested.

1 **FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE**
2 **IMPOSITION OF SANCTIONS.**
3 IT IS SO ORDERED.
4 **Dated:   August 10, 2008**              /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE