UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN, ) | 1:07-cv-1856-OWW-SMS |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S MOTION |
| ) | FOR RECONSIDERATION OF MOTION FOR |
| ) | ATTORNEY (DOC. 17) |
| v. ) | |
| ) | |
| UNITED STATES (IRS), et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil action concerning disputed entitlement to tax refunds in 2003 through 2006. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Pending before the Court is Plaintiff's motion, filed on August 27, 2008, for reconsideration of this Court's denial of his previous motion for appointment of counsel, filed on July 23, 2008. The motion appears to be intended for consideration not by the District Judge, but rather by the undersigned Magistrate Judge, who signed the scheduling order referred to by Plaintiff in the first line of his motion for reconsideration.

1

No opposition or notice of non-opposition has been filed.

The grounds of Plaintiff's motion for reconsideration are that although Plaintiff can read, Plaintiff cannot understand the Court's orders and does not know what to do; further, the prison where Plaintiff is incarcerated has been in lock down for an undetermined amount of time.

The Court appreciates Plaintiff's circumstances. However, the power of the Court is limited with respect to assignment of counsel in civil cases. The Court may request an attorney voluntarily to represent a person proceeding in forma pauperis who is unable to afford counsel. 28 U.S.C. § 1915(d). Appointment of counsel by the Court in such circumstances is discretionary, not mandatory. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995). Appointment may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, regardless of Plaintiff's status as an indigent prisoner who suffers from some defects in understanding, this Court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In light of the early stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. <u>Terrell</u>, 935 F.2d at 1017. Further, at this point it does not appear that Plaintiff's claim is particularly complex because it relates to a determination of one type of tax for several years, and only one party defendant is involved. In light of the papers filed by Plaintiff to date, Plaintiff appears to be capable of articulating his claims pro se.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

Accordingly, Plaintiff's motion for the appointment of counsel, filed August 27, 2008, IS DENIED.

IT IS SO ORDERED.

**Dated:   September 11, 2008**          /s/ Sandra M. Snyder
                                                           UNITED STATES MAGISTRATE JUDGE