IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN,<br><br>            Plaintiff,<br><br>       vs.<br><br>UNITED STATES INTERNAL<br>REVENUE SERVICE,<br><br>            Defendant. | No. CV-F-07-1856 OWW/SMS<br><br>MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT<br>(Doc. 21) AND DIRECTING<br>CLERK OF COURT TO ENTER<br>JUDGMENT FOR DEFENDANT AND<br>CLOSE THE CASE |

On December 20, 2007, Plaintiff Alfred Eugene Shallowhorn, a state prisoner proceeding *in pro per*, filed a Complaint against the Internal Revenue Service (IRS).

The Complaint alleges that Plaintiff filed income tax returns for the years 2003, 2004, 2005 and 2006; that he worked as a "kitchen line backer" at Corcoran State Prison in 2003, 2004 and into 2005; and that he is presently incarcerated at Kern Valley State Prison and "has worked as a prison barber and porter." The Complaint alleges:

1

|   |   |
|---|---|
| 1 | On or around December of 2005, plaintiff filed for a refund for the tax years 2003 and 2004. Plaintiff subsequently wrote to IRS several times inquiring after those refunds. The IRS only response was that my claims were under investigation. |

On or around December of 2005, plaintiff filed for a refund for the tax years 2003 and 2004. Plaintiff subsequently wrote to IRS several times inquiring after those refunds. The IRS only response was that my claims were under investigation.

On May 30, 2007, Plaintiff wrote again to IRS regarding tax years 2003, 2004 as well as tax year 2005 (filed end of Dec. 2005). As to the 2003 tax year, IRS responded that my refund check, in the amount of $3000+, had been sent to someone elses [sic] bank account. IRS did not tell me in whose account the refund had been deposited. The IRS also sent me a form 3911 (apparently in response to my asking after the refund). The form directed me to sign the 3911 form, if I did not consent to my refund being deposited in anothers [sic] account. Because I did not consent, I filled out and signed the form 3911 and returned it to the IRS.

Plaintiff also sent an inquiry to IRS, asking the identity of the person who had received my refund. Plaintiff has as yet not received any response from IRS regarding the 2003 refund.

In a letter dated December 8, 2005, IRS addressed Plaintiff [sic] claim for tax year 2004. IRS stated it had received information from the 'California Prison System,' stating that I was not employed by the System. IRS cited an inapplicable CDC Regulation as authority for the Proposition [sic] that inmates assigned to institutional work, etc. [sic]; are not subject to state or federal withholdings. IRS stated that, after recalculating my claim, it had concluded I was not entitled to a refund. IRS also threaten to charge Plaintiff with fraud for alleged misrepresentation on his tax form.

However, IRS was misinformed by CDC. I was indeed employed as a prison worker, as I stated in my tax form. I believe the misinformation provided by CDC and the threat of fraud charges from IRS were intended to dissuade prisoner tax claims.

In the aforementioned 2007 IRS letter, IRS again addressed Plaintiff [sic] claim for tax year 2004. In that letter, IRS stated its record did not show a refund for me for 2004. Plaintiff has received no further response regarding the 2004 claim.

Plaintiff notes that the IRS response did not come until almost two years after Plaintiff filed for tax years 2003 & 2004. Plaintiff has not appealed with IRS about his 2003 & 2004 claims because he has yet to receive a response as to whether the claims have been allowed or disallowed.

As to Plaintiff [sic] claim for tax year 2005, IRS forwarded a partial refund of $189.00. Plaintiff appealed, claiming entitlement to a refund of $661.00 and seeking the balance of that amount. IRS denied the appeal, stating that I had received a refund. Plaintiff responded to IRS that he was not claiming he did not receive a refund, but that he did not receive his 'full' refund. Plaintiff has not received a further response from IRS regarding the 2005 claim. IRS has also claimed Plaintiff misrepresented his 2005 income. In response, Plaintiff asked IRS to reveal what evidence or calculations led to it's [sic] conclusion. IRS has not responded to Plaintiff request. Plaintiff did not misrepresent his income.

Plaintiff's claim for a refund for tax year 2006 has involved the same delays, frustration, and distress attending IRS handling of Plaintiff's other claims. IRS has disallowed the 2006 claim, again alleging Plaintiff has misrepresented his income. Plaintiff did not misrepresent his income and thus appealed IRS' disallowance. the [sic] appeal remains undecided.

In a letter dated November 19, 2007, stated it had charged my 2006 account stating that both the 'credit reduced tax withheld' and the 'balance' is $1,192.00. The letter also stated that I did not owe IRS money. However, the letter did not clarify if I were or were [sic] not entitled to a refund of if

> the $1,192.00 was my refund.  I remain
> completely confused about the status of my
> 2006 claim.  I have received no response from
> IRD [sic] to my request for clarification.

The Complaint prays for the following relief:

> Plaintiff seeks: The full amount of his
> refund for tax years 2003, 2004, 2005 and
> 2006 as calculated by the following formula
> ($6.75 (minimum wage) X Total hours worked
> for each tax period X 15%).  (Plaintiff is
> unable to currently provide an exact amount
> as he does not have copies of his 1040EZ
> Forms or work sheets detailing his hours)
>
> The full amount of interest to which
> Plaintiff is entitled under applicable
> statues [sic] for each tax year.
>
> All court fees and costs.
>
> Any punitive or compensatory damages to which
> Plaintiff is entitled.

On September 30, 2008, the IRS moved for summary judgment. All briefing is now complete.

    A.   <u>Governing Standards</u>.

Summary judgment is proper when it is shown that there exists "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  A fact is "material" if it is relevant to an element of a claim or a defense, the existence of which may affect the outcome of the suit.  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).  Materiality is determined by the substantive law governing a claim or a defense.  *Id*.  The evidence and all inferences drawn from it must be construed in the light most

1 favorable to the nonmoving party.  *Id*.

2      The initial burden in a motion for summary judgment is on
3 the moving party.  The moving party satisfies this initial burden
4 by identifying the parts of the materials on file it believes
5 demonstrate an "absence of evidence to support the non-moving
6 party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325
7 (1986).  The burden then shifts to the nonmoving party to defeat
8 summary judgment.  *T.W. Elec.*, 809 F.2d at 630.  The nonmoving
9 party "may not rely on the mere allegations in the pleadings in
10 order to preclude summary judgment," but must set forth by
11 affidavit or other appropriate evidence "specific facts showing
12 there is a genuine issue for trial."  *Id*.  The nonmoving party
13 may not simply state that it will discredit the moving party's
14 evidence at trial; it must produce at least some "significant
15 probative evidence tending to support the complaint."  *Id*.  The
16 question to be resolved is not whether the "evidence unmistakably
17 favors one side or the other, but whether a fair-minded jury
18 could return a verdict for the plaintiff on the evidence
19 presented."  *United States ex rel. Anderson v. N. Telecom, Inc.*,
20 52 F.3d 810, 815 (9th Cir.1995).  This requires more than the
21 "mere existence of a scintilla of evidence in support of the
22 plaintiff's position"; there must be "evidence on which the jury
23 could reasonably find for the plaintiff."  *Id*.  The more
24 implausible the claim or defense asserted by the nonmoving party,
25 the more persuasive its evidence must be to avoid summary
26 judgment."  *Id*.  In *Scott v. Harris*, ___ U.S. ___, 127 S.Ct.

1769, 1776 (2007), the Supreme Court held:

> When opposing parties tell different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

As explained in *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099 (9th Cir.2000):

> The vocabulary used for discussing summary judgments is somewhat abstract. Because either a plaintiff or a defendant can move for summary judgment, we customarily refer to the moving and nonmoving party rather than to plaintiff and defendant. Further, because either plaintiff or defendant can have the ultimate burden of persuasion at trial, we refer to the party with and without the ultimate burden of persuasion at trial rather than to plaintiff and defendant. Finally, we distinguish among the initial burden of production and two kinds of ultimate burdens of persuasion: The initial burden of production refers to the burden of producing evidence, or showing the absence of evidence, on the motion for summary judgment; the ultimate burden of persuasion can refer either to the burden of persuasion on the motion or to the burden of persuasion at trial.
>
> A moving party without the ultimate burden of persuasion at trial - usually, but not always, a defendant - has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment ... In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial ... In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact

> ....
>
> If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial ... In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything ... If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense ... If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment ... But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion.

210 F.3d at 1102-1103.

    B.   <u>2003 Refund</u>.

A Form 1040 for the tax year 2003 was filed for Alfred E. Shallowhorn, listing Mr. Shallowhorn's address as 303 Merrill Avenue, Rialto, California.  Mr. Shallowhorn's social security number is partially blacked out, but the 2003 Form 1040 states the last four digits as "0564."  The 2003 Form 1040 was prepared by Darlene Dixon of Jackson Hewitt Tax Service, Rialto, California. (Ex. 1, Decl. of Timothy Mathers).  The 2003 Form 1040 states income of $42,491.00 based on an attached 2003 Form W-2 purportedly issued by Motor Cargo, P.O. Box 2351, Salt Lake City, Utah.  The attached 2003 Form W-2 states federal income tax withholding of $8,923.00.  The 2003 Form 1040 states an overpayment of taxes of $3,444.00.  *Id.*  Line 70a of the 2003 Form 1040 requests the amount of the overpayment to be refunded

to the taxpayer.  Line 70b states a "routing number:" 1222224777. Line 70c, captioned "type" is marked "checking."  Line 70d states the account number, part of which is blacked out.  *Id*.  According to Mr. Mathers' declaration as substantiated by the documents attached to his declaration, the requested refund was directly deposited on March 22, 2004 to the checking account listed on the 2003 Form 1040.

Plaintiff acknowledges that this evidence establishes that the 2003 Form 1040 is fraudulent.  Plaintiff asserts that he has been incarcerated since 1995, that he never worked for Motor Cargo, has never lived or known anyone who lived at 303 Merrill Avenue, Rialto, California, has never given permission or consent for anyone to use his name or social security number or file his income tax return electronically, and has never received the refund directly deposited by the IRS.  Plaintiff nonetheless argues that he is still entitled "to this check cause it was stolen so (IRS) should issue Plaintiff another check and prosecute the person or people that was involved."

Summary judgment for the IRS on Plaintiff's claim for refund of taxes paid for the tax year 2003 is GRANTED.  Plaintiff admits that the 2003 Form 1040 filed in his name was fraudulent and that he did not have the taxable income or federal withholding shown on that return and the attached Form W-2.  Plaintiff therefore admits that he did not pay the taxes sought by this action to be refunded to him.  Plaintiff is not entitled to a refund of taxes

he did not pay.[1]

    C.    <u>2004, 2005 and 2006 Refunds</u>.

Through the declaration of Mr. Mathers, the IRS has presented documentary evidence establishing that Plaintiff filed a Form 1040 for the tax year 2004, reporting a $16 tax liability and requesting a refund of $1,202.54. IRS records do not indicate that Plaintiff had any earnings or withholdings for 2004. Because there was no withholding, the tax was abated and the withholding credit or amount of the refund stated by Plaintiff was reversed, leaving Plaintiff with a zero balance.

Plaintiff filed a Form 1040 for the tax year 2005, reporting no tax liability and requesting a refund of $1,138.00. IRS records do not indicate that Plaintiff had any earnings or withholding for 2005. Erroneously, only $954.00 of the withholding credit was reversed and Plaintiff was mistakenly refunded $190.34, including $6034 in interest.

Plaintiff filed a Form 1040 for the tax year 2006, reporting no tax liability and requesting a refund of $1,192.00. IRS records do not indicate that Plaintiff had any earnings or withholding for 2006. The withholding credit or amount of the refund stated by Plaintiff was reversed, leaving Plaintiff with a zero balance.

The IRS also submits Plaintiff's Initial Disclosure in this

---

[1] Plaintiff's contention that the apparent fraud should be investigated is a decision for the IRS to make. Plaintiff has not been defrauded of anything in connection with the 2003 refund.

9

action, which states in part:

> Plaintiff recieved [sic] information per-internet that Plaintiff is allowed to claim as much as minimum wage of 1040 Forms, cause that is what the State pays CDC for inmate workers. So what is the state income that CDC reports on thier [sic] taxes? Plaintiff is being tax through CDC and under such DOT number it sell reveal such ... If the State pays CDC minimum wage for inmate workers, and CDC elects to pay inmate workers (salvery [sic] fee) less but receive [sic] the minimum wage on thier [sic] tax returns then so shall Plaintiff be allowed to receive the same refund. If CDC is being taxed by the State then so is the Plaintiff because Plaintiff is employed by the CDC and CDC pays Plaintiff. All this is relevant to abstablish [sic] that Plaintiff is so entitled to a tax refund.

The taxpayer has the burden of proof in an action to recover income taxes paid. *Filippini v. United States*, 318 F.2d 841, 845 (9th Cir.), *cert. denied*, 375 U.S. 922 (1963).

Plaintiff presents no evidence that any withholding of federal income taxes by the prisons at which he was incarcerated during the years in question occurred. Plaintiff argues:

> Plaint [sic] allege that the IRS is just being basis that prisoners are allowed to receive money that tax payers think they don't deserve. Its [sic] is a large number of prisoners that have file for tax refunds, so I don't believe, niether [sic] should the court, that the IRS is making such and so many mistakes. The Defendants [sic] further don't want to produce CDC records of refunds of tax being filed on behalf of inmate workers. Plaint [sic] argues that if CDC is being rewarded an [sic] refund on Plaintiffs [sic] behalf, then it is Plaintiff right to do the same. (Plaint is meant to read Plaintiff). The prisons does [sic] not give W-2s form to inmates and Plaintiff allege [sic] this is why, cause if they do it would show the withholdings and earnings. So

10

>Plaintiff filed out the required 4852 form (if you can't get an [sic] W-2 form). Plaintiff also submitted the work can or maybe can locate the right form to show Plaintiffs [sic] withholding or earnings.  As the court may see that the answers that Defendants [sic] give in it [sic] interrogatories (some) is not answers but defense tatics [sic] not giving an [sic] yes or no answer to some of the inquiries.  And IRS refuses to locate files that deal with the CDC.  And again if CDC is filing tax refunds for prisoners without they knowledge, then this created another problem.  This claim is deeper than it may appear, because all of the withholdings (IRS uses to not pay refunds to inmate workers) and earnings is all with CDC tax files of the IRS.  And this is genuine issue for trial.  If prisoners are entitled to such, then it should be rewarded. And this is the only way Plaintiff can establish the paid taxes for all of the years claimed.
>
>Again Defendants [sic] should be in possession of W-2 for filed by CDC (Kern Valley State Prison) under the DOT number provided by Plaintiff but fail to produce it along with tax filed by CDC.  This is a case about, you don't have it and we not giving it to you.  The Defendants [sic] want to answer the question can prisoner file tax refunds from being inmate workers, whether Defendant allege that they have no showing of earnings or withings [sic] from them.  Plaintiff also have provided Defendants [sic] with work sheets and supplement W-2 forms, so if Plaintiff provides this to Defendants and CDC is not showing earnings or withholding then there is a big problem.  Plaintiff believes the IRS knows that CDC has been filing tax refund for prisoners and trying to shadow it by denying the prisoner thier [sic] friuts [sic] of their labor.  So again I ask this court do not let them (IRS and CDC and State) to continue to take from the people they suppose to protact [sic].

Plaintiff's contentions are speculation unsupported by any evidence.  Rule 56(f), Federal Rules of Civil Procedure, provides

in pertinent part:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

As explained in *Harris v. Duty Free Shoppers Limited Partnership*, 940 F.2d 1272, 1276 (9th Cir. 1991):

> Ordinarily, summary judgment should not be granted when there are relevant facts remaining to be discovered, but the party seeking discovery bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact.

Plaintiff's contentions quoted above do not establish that admissible, relevant evidence may be obtained through discovery. The issue in this action is whether *Plaintiff*, not some other prisoners, had federal income tax withheld from his earnings at the state prisons by prison officials for the tax years 2004, 2005 and 2006 to which *Plaintiff* is entitled to a refund from the IRS. As noted, Plaintiff presents no evidence to rebut the evidence presented by the IRS and has not carried his burden of proof.

For the reasons stated:

1. Defendant's motion for summary judgment is GRANTED;

2. The Clerk of the Court is directed to enter JUDGMENT FOR DEFENDANT and close this case.

///

12

IT IS SO ORDERED.

**Dated:   December 4, 2008**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE